Richard D. McCune (State Bar No. 132124)
rdm@mccunewright.com
Jae K. Kim (State Bar No. 236805)
jkk@mccunewright.com
MCCUNE WRIGHT AREVALO LLP
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557 1275

THE KICK LAW FIRM, APC
Taras Kick (State Bar No. 143379)
(Taras@kicklawfirm.com)
Robert J. Dart (State Bar No. 264060)
(Robert@kicklawfirm.com)
815 Moraga Drive
Los Angeles, California 90049
Telephone: (310) 395-2988
Facsimile: (310) 395-2088

Attorneys for Plaintiff Sondra Ramirez
and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDRA RAMIREZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAXTER CREDIT UNION, and DOES 1-100,<br><br>Defendants. | Case No.: 3:16-cv-03765-SI<br><br>**[PR~~OPO~~SED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Assigned to Judge Susan Illston<br><br>Date: September 22, 2017<br>Time: 9:00 a.m.<br>Courtroom: 1, 17th Floor |

# [~~PROPOSED~~] ORDER

The Court, having considered Plaintiff's Motion for Preliminary Approval of Class Settlement, and all supporting documents thereto (collectively, the "Motion"), the Settlement Agreement and Release dated as of September 6, 2017 (the "Settlement Agreement"), and the arguments of counsel, rules as follows:

1. Defined terms in this Order shall have the same meaning given such terms in the Settlement Agreement.

2. This Court finds on a preliminary basis that the class as defined in the Settlement Agreement ("Settlement Class") meets all of the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law.  Accordingly, the Court provisionally certifies the Settlement Class, which is composed of:

> any member of Defendant (i) who opened up a consumer account with BCU before November 2, 2015 (when BCU revised its overdraft disclosures); and (ii) who, between July 5, 2012 and January 28, 2017, was assessed an overdraft fee when the member had sufficient money in his or her ledger balance, but insufficient money in his or her available balance to complete the transaction that caused the fee.

3. The Court provisionally appoints Sondra Ramirez as the Class Representative of the Settlement Class.

4. The Court appoints Garden City Group LLC as the Claims Administrator under the terms of the Settlement Agreement.

5. For purposes of the Settlement Agreement, the Court further provisionally finds that counsel for the Settlement Class, Richard McCune of McCune Wright Arevalo, LLP, and Taras Kick of The Kick Law Firm, APC, are qualified, experienced, and skilled attorneys capable of adequately representing the Settlement Class, and they are provisionally approved as Class Counsel.

6. This certification of a preliminary Settlement Class under this Order is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of the Defendant in

1

this Action that any other proposed or certified class action is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar statute, rule or common law. Entry of this Order is without prejudice to the rights of Defendant to oppose class certification in this action should the settlement not be approved or not be implemented for any reason or to terminate the Settlement Agreement as provided in the Settlement Agreement.

7.  The Court provisionally, and solely for purposes of this settlement, finds that the members of the Settlement Class are so numerous that joinder of all members would be impracticable, that the litigation and proposed settlement raise issues of law and fact common to the claims of the Class Members and these common issues predominate over any issues affecting only individual members of the Settlement Class, that the claims of Sondra Ramirez (the "Named Plaintiff") are typical of the claims of the Settlement Class, that in prosecuting this Action and negotiating and entering into the Settlement Agreement, the Named Plaintiff and her counsel have fairly and adequately protected the interests of the Settlement Class and will adequately represent the Settlement Class in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

8.  The Court has reviewed the Settlement Agreement and the attached Notice of Pending Class Action and Proposed Settlement ("Notice") (Exhibit 1 to the Settlement Agreement) and finds that the settlement memorialized therein falls within the range of reasonableness and potential for final approval, thereby meeting the requirements for preliminary approval, and that the Notice should go out to the Settlement Class in the manner described in the Settlement Agreement. The settlement appears to be reasonable in light of the risk inherent in continuing with litigation. The Court also notes that the settlement is a non-reversionary one where no money will be returned to the Defendant. The Court also notes that the settlement was arrived at after an arm's length negotiation involving experienced counsel.

9.  The Court finds that the methods of giving notice prescribed in the Settlement Agreement meet the requirements of the Federal Rules of Civil Procedure and due process, are the best notice

practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled thereto, and comply with the requirements of the Constitution of the United States, and all other applicable laws.

10. For the purposes stated and defined in the Settlement Agreement, the Court hereby sets the following dates and deadlines:

a. October 6, 2017 – Deadline for notice administrator to send notice;

b. November 6, 2017 – Deadline for class members to opt-out;

c. November 9, 2017 – Deadline for motion for final approval and attorneys' fees;

d. November 24, 2017 – Deadline to object;

e. December 1, 2017 – Deadline for class counsel or defendant's counsel to file responses to any objections and to provide list of opt outs;

f. December 22, 2017 – Hearing on final approval;

g. Thirty Days After the Time to Cash Checks Has Expired – Preliminary deadline for filing of Final Accounting

11. The Court hereby approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the Class, or for objecting to the proposed settlement, as provided for in the Settlement Agreement.

12. All costs incurred in connection with providing notice and settlement administration services to the Class Members shall be paid from the Settlement Fund.

///

///

///

///

///

3

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No.: 3:16-cv-03765-SI

1   13.	If the settlement is not approved or consummated for any reason whatsoever, the
2   Settlement Agreement and all proceedings in connection therewith shall terminate without prejudice to
3   the status quo ante and rights of the parties to the action as they existed prior to the date of the execution
4   of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.
5
6   Good cause appearing therefore, IT IS SO ORDERED.
7   San Francisco, California, __October 5_____, 2017.
8
9                                                   _____
10                                                  Honorable Susan Illston
                                                    United States District Judge

4

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
Case No.: 3:16-cv-03765-SI

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2017, a copy of the foregoing document was electronically filed using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

Respectfully submitted,

/s/ Robert Dart