Richard D. McCune (State Bar No. 132124)
rdm@mccunewright.com
Jae K. Kim (State Bar No. 236805)
jkk@mccunewright.com
MCCUNE WRIGHT AREVALO LLP
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557 1275

THE KICK LAW FIRM, APC
Taras Kick (State Bar No. 143379)
(Taras@kicklawfirm.com)
Robert J. Dart (State Bar No. 264060)
(Robert@kicklawfirm.com)
815 Moraga Drive
Los Angeles, California 90049
Telephone: (310) 395-2988
Facsimile: (310) 395-2088

Attorneys for Plaintiff Sondra Ramirez
and the Putative Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONDRA RAMIREZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAXTER CREDIT UNION, and DOES 1-100,<br><br>Defendants. | Case No.: 3:16-cv-03765-SI<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>Assigned to Judge Susan Illston<br><br>Date: December 22, 2017<br>Time: 10:00 a.m.<br>Courtroom: 1, 17th Floor |

# [~~PROPOSED~~] FINAL APPROVAL ORDER AND JUDGMENT

This Court granted preliminary approval of the Settlement Agreement and Release ("Settlement") and certified a provisional settlement class on October 5, 2017 (the "Class"). Due and adequate notice having been given to the Class Members, and the Court having considered the Settlement, all papers filed and proceedings had herein and all oral and written comments received regarding the Settlement, and having reviewed the record in this litigation, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. Unless otherwise provided, all terms used herein shall have the same meaning as provided in the Settlement.

2. The Court has jurisdiction over the subject matter of this litigation and over the Parties to this litigation, including all Class Members.

3. This Court finds that the Classes meet all of the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law. For settlement purposes, the Court now finally certifies the Class which is defined as follows:

> "Class Member" shall mean any member of Defendant (i) who opened up a consumer account with BCU before November 2, 2015 (when BCU revised its overdraft disclosures); and (ii) who, between July 5, 2012 and January 28, 2017, was assessed an overdraft fee when the member had sufficient money in his or her ledger balance, but insufficient money in his or her available balance to complete the transaction that caused the fee.

4. The Court finds that the distribution of the notice of the Settlement has been completed in conformity with the Court's preliminary approval order. The Court finds that the notice was the best practicable process under the circumstances and provided due and adequate notice of the proceedings and the terms of the Settlement. The Court finds that the notice fully satisfied the requirements of due process. The Court also finds that Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, all Class Members wishing to be heard have been heard, and Class Members have had a full and fair opportunity to exclude themselves from the Class.

5. The Court finds that for purpose of the settlement, that the members of the Settlement Class are so numerous that joinder of all members would be impracticable, that the litigation and the settlement raise issues affecting only individual members of the Settlement Class, that the claims of

Sondra Ramirez are typical of the claims of the Settlement Class, that in prosecuting this Action and negotiating and entering into the Settlement Agreement, the Named Plaintiff and her counsel have fairly and adequately protected the interests of the Settlement Class and will adequately represent the Settlement Class in connection with the settlement, and that a class action is superior to other methods available for adjudicating the controversy.

6. The Court finds, as set forth in the Supplemental Declaration of Eric Kierkegaard Regarding Notice and Settlement Administration (Docket 77), that, as of December 11, 2017, two members of the Class requested exclusion from the class and that there were no objections to the settlement that were filed.

7. The Court finds that the reaction of the Class to the Settlement was overwhelmingly favorable to the settlement.

8. The Court hereby grants final approval of the terms set forth in the Settlement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of informed and non-collusive arms-length negotiations. The Court further finds that the parties have conducted extensive investigation and research, and their attorneys were able to reasonably evaluate their respective positions.

9. The Court finds that settlement will avoid additional and potentially substantial litigation costs, as well as delay and risks. The amount offered in settlement is reasonable in light of the expense, complexity, risk, and likely duration of further litigation.

10. The Settlement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant.

11. The Court appoints Named Plaintiff Sondra Ramirez as the Class Representative.

12. The Court finds that counsel for the Settlement Class, Richard McCune of McCune Wright Arevalo, LLP and Taras Kick of the The Kick Law Firm, APC are qualified, experienced and

skilled attorneys capable of adequately representing the class, and approves and appoints McCune Wright Arevalo LLP and The Kick Law Firm, APC as Settlement Class Counsel.

13. The Court appoints Garden City Group LLC as the Claims Administrator. The Claims Administrator shall be subject to the jurisdiction of the Court with respect to the administration of the Settlement and shall comply with the terms of the Settlement.

14. The Court finds the requested attorneys' fees of $293,767.25 to be reasonable, both as a percentage of the common fund and under the lodestar method, and therefore awards fees in this amount to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement. The lodestar of counsel is $329,762.50. The hourly rates of the attorneys are reasonable and in line with prevailing market rates, and the hours worked are also reasonable. Based on the contingent risk that counsel undertook in prosecuting this action with no guarantee of payment as well as the novelty and complexity of the action, the Court finds that the requested fees are reasonable. Therefore, the requested fees amount is also separately and independently approved under a lodestar analysis.

15. The Court further finds that the fee-sharing arrangement among class Counsel was disclosed to and approved by the Named Plaintiff.

16. The Court further finds that the request for reimbursement of litigation costs in the amount of $24,721.07 is reasonable based on the work necessary to achieve this favorable class settlement, and is to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement Agreement.

17. The Court finds that Named Plaintiff Sondra Ramirez assisted with the prosecution and litigation of the case, including producing documents, responding to written discovery, sitting for deposition, and having been willing to testify at trial. The Court therefore awards a service award in the amount of $10,000 to be paid to Named Plaintiff Sondra Ramirez from the Settlement Fund by the deadline specified in the Settlement Agreement.

18. The Court approves Public Citizen as the *cy pres* recipient of any residue in the Settlement Fund.

19. The Court approves payment of the Claims Administrator's fees and costs of up to $32,000 to be paid to the Claims Administrator from the Settlement Fund by the deadline specified in

3

the Settlement Agreement.

20. Within 10 days of the date of this order, Defendant Baxter Credit Union shall distribute the Settlement Fund to the Claims Administrator, less amounts advanced to the Claims Administrator.

21. The Court retains jurisdiction over the Parties, Class Counsel, and the case to enforce the Settlement and the terms of this Judgment.

**IT IS SO ORDERED ADJUDGED AND DECREED.**

San Francisco, California, December 22, 2017.

_____
Honorable Susan Illston
United States District Judge